UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT BEARDEN** | **:** | **CIVIL ACTION NO. 18-01615** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **CLINTON P. MATOCHA, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

At a hearing on Clinton and Colleen Matocha's ("Defendants") Motion to Compel and For Attorney's Fees, the court granted the motion to compel and also awarded attorneys fees incurred in connection with the motion. Doc. 32. Defendants submitted as evidence an affidavit and billing summary setting forth the amount of time their attorneys and paralegal spent in connection with the request. Doc. 33, att. 1. The court gave plaintiff thirty days in which to traverse the affidavit before ruling on the amount of attorney's fees to be awarded. Doc. 32. Plaintiff filed his opposition/traversal and defendants have filed a reply. Docs. 30, 34. The matter is now ripe for ruling.

For the following reasons, defendant's motion is **GRANTED IN PART**.

**I.**
**BACKGROUND**

Defendants seek a total amount of $8,413.75 representing 44.25 hours of time expended in connection with filing a motion to compel and a supplemental or amended motion to compel. Doc. 33, att. 1. Defendants contend that Russell J. Stutes, Jr., a senior partner at the law firm of Stutes & Lavergne, LLC, spent 3 hours in connection with the motions at a rate of $295 an hour, Shelly Bouillion a six-year attorney (and 21 year employee) spent 8 hours at a rate of $295 an hour, Russell

J. Stutes, III, an associate attorney spent 14.75 hours at a rate of $225 an hour, and Kimberly Bienvenue, a paralegal at the firm with 12 years experience spent 18.50 hours at the rate of $100 an hour. *Id.*

Plaintiff does not contest the hourly rate submitted by defendants; however, he contends that the amount of time billed is excessive and that defendants have billed for work unrelated to the motions and for secretarial work. Doc. 30.

## II.
### LAW AND ANALYSIS

Determining the amount of reasonable attorneys' fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5thCir. 1995)(citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.*(citing *Blum v. Stenson*, 104 S.Ct. 1541, 1544 (1984). "The product of this multiplication is the lodestar, which the district court them either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*(citing *Brantley v. Surles*, 804 F.2d 321, 325 (5thCir. 1986).

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Id.* Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5thCir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

A review of the record in this case reveals that counsel for defendants filed their first motion to compel and memorandum in support after conferring with counsel for plaintiff, by phone and by

correspondence, on at least eight different occasions. Doc. 14, att. 3. Defense counsel also filed a supplemental or amended motion to compel and memorandum contending that plaintiff failed to adequately respond to their second set of discovery after conferring with counsel for plaintiff on five occasions. Doc. 23, att. 8. Additionally, after plaintiff failed to timely file any opposition to the motions, defense counsel filed a reply memorandum wherein they *inter alia* reserved the right to strike any late memorandum submitted by plaintiff. Doc. 19.

Plaintiff maintains that the issues involved were not complex and the amount of time spent on pleadings was excessive. The billing summary shows that approximately 5 hours was spent on the first motion and memorandum and approximately 6 hours on the supplemental motion and memorandum. Counsel billed 8 hours for the reply memorandum. We find all time spent on these tasks reasonable.

Defense counsel also billed approximately 2 hours for what it describes as office conferences with attorneys and staff. They explain in brief that the conferences were spent with the litigation team to "remain apprised of [plaintiff's] missed deadlines …to analyze the discovery responses provided by [plaintiff], and to determine the most efficient manner to handle same." Doc. 34, p. 3. We note that one entry, on December 19, 2019 indicates that one hour was billed for "[o]ffice conference with counsel, irne [sic] strategy, discovery issues and trial preparation." Doc. 33, att. 1, p. 5. Time spent for trial preparation should not be included in fees attributable to the motions to compel. Since we have no way to parcel out how much of this hour was spent on trial preparation versus discovery, we will disallow this time entry.

Plaintiff also takes issue with the amount of time spent reviewing responses to discovery and the time spent preparing for hearing on the motion. Although it is unclear exactly how much time was spent reviewing the discovery received it was at least 7.25 hours. Defense counsel explains that "many

hours were spent reviewing, analyzing the inconsistencies, and outlining the deficiencies of 326 pages of discovery responses, which included medical records and 5 years of tax returns." Doc. 34, p. 3. Accordingly, we find that time reasonable. The billing summary submitted shows that 6 hours was spent preparing for the hearing on the motion (3 hours by an attorney and 3 hours by a paralegal). We do not find this an unreasonable amount of time.

Plaintiff also objects to entries on the billing summary by the paralegal for secretarial work such as scanning documents, emailing, calendaring, etc. We note that there are several entries attributed to the paralegal that are for clerical tasks and are not recoverable. Clerical work performed by a paralegal is not recoverable as attorney's fees. *Vela v. City of Houston,* 276 F.3d 659, 681 (5th Cir.2001). Accordingly, we reduce the time billed by the paralegal by 3.75 hours which we deem were spent on clerical tasks.

Consequently, we find that defendants should be awarded attorneys' fees for 39.50 hours for a total of $7,743.75.

### III.
#### CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** defendants' request for attorney's fees and awards defendants attorney's fees in the amount of $7,743.75.

**IT IS ORDERED** that the sum of $7,743.75 be paid within ninety (90) days of the date of this Order. The effect of this Order is suspended for a period of fourteen (14) days from the date of filing to allow the parties to appeal to the district court for review. Should either party seek review from the district court, then the effect of the Order is suspended until final resolution of the issue by the district court.

THUS DONE AND SIGNED in Chambers this 29th day of June, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE